Arthur S. Gaus, Esq. SBN: 289560
KAUFMAN DOLOWICH & VOLUCK, LLP
425 California Street, Suite 2100
San Francisco, CA 94104
PHONE: 415.926.7600
FAX: 415.926.7601
EMAIL: agaus@kdvlaw.com

Mary A. Wagner, Esq. SBN: #167214
CITY ATTORNEY FOR CITY OF SAUSALITO
Sausalito City Hall 420 Litho Street Sausalito, CA 94965
E-mail: mwagner@bwslaw.com

Attorney for DEFENDANT CITY OF SAUSALITO

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN SPEARY<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAUSALITO, et. al.,<br><br>Defendant. | CASE NO. 3:22-cv-02727-EMC<br><br>**DEFENDANT CITY OF SAUSALITO'S OPPOSITION TO PLAINTIFF JOHN SPEARY'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Action Filed: May 6, 2022<br>Trial Date: None set.<br><br>Hon. Judge Edward Chen |

**I. INTRODUCTION**

The instant *ex parte* action filed by Plaintiff John Speary ("Plaintiff") seeks emergency injunctive relief in two forms: an affirmative injunction for the City of Sausalito to provide him with a shaded sitting area and a prohibitive injunction barring Sausalito from removing his tent area if he leaves for extended periods. The Court should deny both requests as Plaintiff cannot demonstrate that, on the applicable sliding scale approach, the risk of irreparable injury and the likelihood of success on the merits is sufficient to warrant *ex parte* relief. Plaintiff has simply not submitted adequate facts

demonstrating the risk of irreparable injury. In addition, he is not likely to succeed on the underlying merits because he has not pled adequate facts with respect to his requested accommodation or his standing to bring his claim. On this basis the Court should deny all requested injunctive relief.

## II. FACTUAL BACKGROUND

Plaintiff is a member of the homeless encampment at Marinship Park in Sausalito, CA. On or about April 18, 2022 the City of Sausalito, through its counsel, received an e-mail from Plaintiff describing an incident where some of his belongings were cleared as debris and describing in vague terms a need for a "modest couch" as an accommodation for his "conspicuous disabilities." On April 23, the City of Sausalito received communication from a third party raising an issue regarding a need to leave the encampment for extended periods on behalf of two encampment members, including Plaintiff.

In response to the communications from and on behalf of Plaintiff, the City of Sausalito through Lt. Stacie Gregory, learned the following additional facts, all of which are omitted from Plaintiff's Complaint and *ex parte* application:

On or about March 15, 2022, Lt. Gregory observed some property near Plaintiff's tent, including a wood futon frame. [Declaration of Lt. Gregory, ¶ 2] Gregory observed the derelict condition of the futon frame due to weather exposure, including mold. [Declaration of Lt. Gregory, ¶ 3] There were no cushions on the frame and it did not appear to be in use for sitting; the frame was stacked with other property. [Declaration of Lt. Gregory, ¶ 4] Lt. Gregory also had never observed the futon frame in use. [Declaration of Lt. Gregory, ¶ 5] Pursuant to the Marinship Encampment standard operating procedures, the futon frame was cleared and other non-hazardous property was placed in storage. [Declaration of Lt. Gregory, ¶ 6]

On or about April 18, 2022, in response to Plaintiff's correspondence, Lt. Gregory initiated a conversation with Plaintiff about the alleged potted plants cleared with the futon. In response to information provided by Plaintiff about the pots, Lt. Gregory purchased 10 plant pots and three bags of potting soil for Plaintiff and delivered it to him the same day. [Declaration of Lt. Gregory, ¶ 7]

On or about May 2, 2022, Plaintiff indicated to Sausalito Police a need for a place to sit in the shade as an accommodation for his disabilities. The City of Sausalito has represented a willingness to provide accommodation, but Plaintiff did not appear at the parties' standing settlement conference with Judge Illman on May 4, 2022 or May 11, 2022. As a result, the City lacks sufficient information as to what will be sufficient to accommodate his alleged disabilities.

Further, with respect to Plaintiff's expressed need to leave for extended periods of time for occupational therapy or gold-panning, there are minimal facts permitting Defendant to provide relief. Although this issue has been raised through a non-lawyer third party, Plaintiff did not raise the issue with Lt. Gregory in any of the arties' meet and confer efforts. [Declaration of Lt. Gregory, ¶ 8] Neither Plaintiff's Complaint nor his TRO Application alleges a specific, particularized plan to leave the encampment.

### III. A TRO SHOULD NOT ISSUE, PLAINTIFF HAS NOT DEMONSTRATED ANY RISK OF IRREPERABLE HARM

The standards for a TRO are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter v. Natural Res. Defense Council, Inc.,* 555 U.S. 7, 20 (2008). The Ninth Circuit has clarified that its "sliding scale" approach to preliminary injunctive relief is still viable. That is, if the plaintiff can demonstrate the risk of irreparable injury, under the sliding scale test, the strength of the plaintiff's showing on the merits necessary to secure a preliminary injunction varies with the degree to which the balance of hardship tips in its favor. In other words, preliminary injunctive relief "'is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor.'" *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1134-35 (9th Cir. 2011).

DEFENDANT CITY OF SAUSALITO'S
OPPOSITION TO PLAINTIFF JOHN SPEARY'S
MOTION FOR TEMPORARY RESTRAINING
ORDER

**A. WITH RESPECT TO HIS REQUEST FOR ADA ACCOMODATION PLAINITFF HAS NOT MADE AN ADEQUATE SHOWING THAT THERE IS A RISK OF IRREPARABLE HARM WITHOUT A TRO**

Plaintiff's TRO Application identifies, as irreparable harm, a vague expression that he could die unless he has a place to sit and relax and the ability to attend occupational therapy. [ECF Dkt No. 3, p. 3, ln 14-19] Plaintiff does not allege that he lacks any place to sit or how the current places available to him are inadequate with respect to his alleged disability. Plaintiff has been seen sitting other places in and around the Marinship Encampment, but Plaintiff does not describe any shortcomings with respect to those places. Specifically, Plaintiff does not describe how his tent and/or the shaded benches just outside the Marinship Encampment fail to provide adequate accommodation. These are particularly relevant questions in light of the fact that the derelict futon frame that Plaintiff refers to in his Complaint did not appear to be used for seating at any time. [Gregory decl. ¶¶ 4-5] While Plaintiff may provide additional facts through the Parties' settlement process, the current facts compel a conclusion that the present absence of Plaintiff's futon frame has not placed him at risk of irreparable harm necessitating emergency intervention from the Court.

Similarly, Plaintiff cannot make an adequate showing of risk of irreparable injury with respect to his professed need to leave for occupational therapy or gold-mining activities because he does not express a concrete, particularized plan to leave the Marinship Encampment for either activity. Plaintiff does not allege that he is currently restrained from occupational therapy or gold-panning. Plaintiff has not attended any settlement conference on this issue and has not raised it in the Parties' meet and confer efforts regarding the underlying issues. On these alleged facts there is no showing that Plaintiff is subject to any risk of harm, irreparable or otherwise.

**B. PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS**

Plaintiff is not likely to succeed on the underlying merits of his claim, further tipping the sliding scale away from granting relief. On the present facts, Plaintiff cannot show that the City of Sausalito has failed to provide a reasonable accommodation. Similarly, Plaintiff cannot succeed on the merits of his request to leave the encampment for extended periods of time without movement or

removal of his tent because he fails to allege a concrete particularized injury sufficient for standing.

### 1. Plaintiff Will Not Be Able to Show That Sausalito Has Failed to Reasonably Accommodate His Disability

Plaintiff's request for reasonable accommodation arises out of 42 U.S. Code § 12131 *et seq.*, the Americans with Disabilities Act (the "ADA"). While Title II of the ADA requires public entities to provide accommodation, it only compels "reasonable" modifications. Said another way, by invoking the ADA Plaintiff places the reasonableness of Defendants response to his request for shaded seating squarely at issue on the following set of facts: the City of Sausalito received his request with respect to seating, but Plaintiff has provided no detail about his disability beyond expressing vaguely the need for a "modest couch." The City of Sausalito has not denied this request, but Plaintiff has provided no further facts about what is required to accommodate his disability and failed to appear at any settlement conference to discuss the matter further. This is to say that the City of Sausalito has taken affirmative steps to accommodate this request, but Plaintiff has missed multiple opportunities to engage in a reasonable interactive process. This is simply inadequate to compel a conclusion that Plaintiff is likely to succeed on a claim that Sausalito has failed to provide reasonable accommodation.

### 2. With Respect To His Ability To Leave The Encampment, Plaintiff Lacks Standing Because He Cannot Establish An Injury-In-Fact

"[A] disabled individual claiming discrimination [under the ADA] must satisfy the case or controversy requirement of Article III [of the United States Constitution] by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports* (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (citations omitted). To establish Article III standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] actions, and that the injury can be redressed by a favorable decision." *Id.* (citation omitted). With respect to expressions of future intent under the ADA, "In addition to establishing standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a real and immediate threat of repeated injury in the future." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

Here, Plaintiff offers no facts with respect to a specific plan to leave or that, if he should leave,

that his tent will be dismantled. Plaintiff has not raised this issue or expressed any intent to leave in any meet and confer with the City of Sausalito. Absent this showing, Plaintiff is unable to show that there is any potential that he will suffer an injury-in-fact sufficient to confer standing for this action. By leaving these threshold questions about his potential injury open, Plaintiff is unable to show that he is likely to succeed on the merits of his underlying claim. On this basis the TRO Application with respect to his vaguely expressed intent to leave the encampment some unidentified time in the future should be denied.

## IV. CONCLUSION

Plaintiff is unable to make an adequate showing with respect to the threat of irreparable harm. Combined with the unlikeliness of success on the underlying merits, the Court lacks adequate basis to grant emergency, *ex parte* injunctive relief. The TRO Application should be denied in its entirety.

Dated: May 13, 2022  KAUFMAN DOLOWICH & VOLUCK, LLP

*/s/ Arthur S. Gaus*

ARTHUR S. GAUS
Attorney for Defendants
CITY OF SAUSALITO

4895-1105-2575, v. 1